W. M. PENCE ET AL. v. J. T. ROBISON, COMMISSIONER OF THE
GENERAL LAND OFFICE, ET AL.

No. 1956. Decided June 2, 1909.

**1.—School Land—Unsurveyed Tracts—Repeal.**

Section 8 of the Act of April 15, 1905 (Laws 29th Leg., pp. 164-166), giving
to an applicant for the purchase of unsurveyed school land, who has surveyed it
for the purpose of buying, sixty days after the approval of his survey in which
to make his purchase, was not repealed by the Act of May 16, 1907, section 6e
(Laws 30th Leg., pp. 494, 495), providing that "No one shall hereafter have any
preference to purchase any unsurveyed land except as provided in this Act for
original lessees out of leases." (P. 489.)

**2.—Same—Preference.**

The right given by the Act of 1905 is not a preference right, within the
meaning of section 6e of the Act of May 16, 1907. All persons were equally en-
titled to acquire unsurveyed land without preference, by complying with the con-
ditions of purchase. (Pp. 489, 490.)

Original application to the Supreme Court by Pence and another
for writ of mandamus against the Commissioner of the General Land
Office. Jesse S. Cross, an adverse claimant of the land in con-
troversy, was made co-respondent.

*Charles Gibbs* and *Stephens & Miller,* for relator.

*R. V. Davidson,* Attorney-General, and *Wm. E. Hawkins,* Assistant,
for respondent, Robison.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The writ of mandamus prayed for is refused for the reason that
we do not agree with the only contention of relators, that the right
given by section 8 of the Act of 1905 (Laws 29th Leg., 164-166),
to an applicant who has caused public land, previously unsurveyed,
to be surveyed for the purpose of buying it within sixty days after
the approval of the survey, is taken away by the provisions of sec-
tion 6e of the Act of 1907 (Laws 30th Leg., 495), that "No one
shall hereafter have any preference to purchase any unsurveyed land
except as provided in this Act for original lessees out of leases."
The right given by the Act of 1905 is not a preference right in the
sense of the provision just quoted. All persons are equally entitled
by the former Act to take the steps therein authorized to acquire
unsurveyed land, no preference being given to one over another.
The beginning of those proceedings is not the exercise of a prefer-
ence, but is the initial step necessary to a purchase, which anyone
may take. When that step has been taken and has been followed
by the others necessary to the purchase, the person who has con-
ducted them is recognized  as an applicant who has acquired the
right to buy, not by virtue of a preference given to him for other
reasons, but because he has complied with the conditions upon which
he may purchase unsurveyed land, and the duration of that right
is limited to sixty days in which it may be matured into a com-

pleted purchase. The right is not even called a preference in the statute. Laws in existence prior to 1907 did give preferences, so named in the statutes, and it was to such that the law of that year evidently refers. Whether it applies to the preferences given by section 8 of the law of 1905 to the owners of enclosures and improvements is not involved in the case before us, neither the relators nor the co-respondent being in either class.

*Mandamus refused.*